DECISION AND JUDGMENT ENTRY
{¶ 1} Defendant-Appellant, Donald A. Fultz, appeals from his conviction of robbery, in violation of RC. 2911.02, a third degree felony, after he entered a plea of no contest to the charge in the Ross County Court of Common Pleas. Appellant argues that the trial court erred in overruling his motion for dismissal of the indictment, made pursuant to R.C. 2945.73. He contends that the trial court erred in denying his motion because the state failed to bring him to trial within two hundred seventy days, as required by *Page 2 
R.C. 2945.71(C)(2). Because Appellant failed to appear at his scheduled arraignment, we conclude that Appellant has waived his right to assert a statutory speedy trial violation for the period between his initial arrest and his subsequent arrest. Thus, we conclude that the state brought Appellant to trial within the two hundred seventy day limit. Accordingly, we overrule Appellant's sole assignment of error and affirm the judgment of the trial court.
 I. Facts {¶ 2} Appellant was served with a warrant and complaint charging him with robbery and was arrested on August 29, 2005. Appellant requested a continuance of his initial appearance until September 6, 2005, in order to obtain counsel. The municipal court granted Appellant's request for continuance and the matter was set for initial appearance September 6, 2005, at which time Appellant's counsel filed a notice of appearance, as well as a demand for discovery. The matter was scheduled for preliminary hearing on September 9, 2005. At the scheduled hearing, Appellant waived his right to a preliminary hearing on the charge and agreed to be bound over to the court of common pleas. The municipal court set bond at $5,000.00 cash or surety on September 9, 2005; however, Appellant did not post bond until September 19, 2005, at which time he was released from jail. *Page 3 
 {¶ 3} An indictment was issued charging Appellant with robbery, in violation of R.C. 2911.02, a third degree felony, on November 18, 2005. A request for summons was issued on the same day. The state was unable to obtain service on Appellant, the record indicating that an attempt to serve Appellant at his last known address was unsuccessful. The record also reveals that the Sheriffs department stated that Appellant had contacted them and advised that he would come in and pick up his indictment and summons, but he did not.
 {¶ 4} Appellant failed to appear at his scheduled arraignment on December 5, 2005. The trial court then issued a warrant for Appellant's arrest and put on an entry tolling the speedy trial time as a result of Appellant's absence and failure to appear at his scheduled arraignment. Appellant was eventually arrested on the warrant on April 19, 2006, and was placed in jail, where he remained until his scheduled trial on June 28, 2006. We note that after Appellant was arrested and while he was incarcerated, Appellant's counsel again filed a demand for discovery on Appellant's behalf.
 {¶ 5} On the day of trial, Appellant's counsel raised the issue of speedy trial pursuant to R.C. 2945.71. The trial court denied Appellant's motion, hinging its decision on the reasoning of State v.Bauer (1980), *Page 4 61 Ohio St.2d 83, 399 N.E.2d 555. Appellant then entered a plea of no contest to the charge, pursuant to a negotiated plea agreement and sentence. The trial court accepted Appellant's plea, found Appellant guilty and sentenced him to a one year term of imprisonment, with the understanding that Appellant's sentence would be stayed and Appellant would remain free on bond pending appeal. Appellant now brings his timely appeal, assigning the following error for our review:
 {¶ 6} "I. THE TRIAL COURT ERRED IN OVERRULING THE DEFENDANT'S MOTION TO DISMISS MADE PURSUANT TO R.C. 2945.73."
 {¶ 7} In support of his assignment of error, Appellant sets forth the following issue for our review: "Whether the reasoning contained inState v. Bauer, (1980) 61 Ohio St.2d 83 should be extended to a circumstances (sic) where the defendant fails to appear pursuant to summons at arraignment." Appellant obviously contends that should not, while Appellee argues that the reasoning in Bauer should be applied to the present case.
 {¶ 8} Our review of a trial court's decision regarding a motion to dismiss based upon a violation of the speedy trial provisions involves a mixed question of law and fact. State v. Brown (1998),131 Ohio App.3d 387, 391, 722 NE.2d 594; State v. Kuhn (June 10, 1998), Ross App. No. 97CA2307, 1998 WL 321535. We accord due deference to the trial court's *Page 5 
findings of fact if supported by competent, credible evidence. However, we independently review whether the trial court properly applied the law to the facts of the case. Id. Furthermore, when reviewing the legal issues presented in a speedy trial claim, we must strictly construe the relevant statutes against the state. Brecksville v. Cook,75 Ohio St.3d 53, 57, 1996-Ohio-171, 661 N.E.2d 706.
 {¶ 9} The state must bring a person arrested and charged with a felony to trial within two hundred seventy days. R.C. 2945.71(C)(2). But if the accused remains in jail in lieu of bail solely on the pending charge, we will count each day as three days. R.C. 2945.71(E). This is the triple-count provision. An accused presents a prima facie case for discharge based upon a violation of speedy trial limitations by alleging in a motion to dismiss that the state held them solely on the pending charges and for a time exceeding the R.C. 2945.71 limits. State v.Butcher (1986), 27 Ohio St.3d 28, 30-31, 500 N.E.2d 1368. The burden of proof then shifts to the state to show that the R.C. 2945.71 limitations have not expired, either by demonstrating that the time limit was extended by R.C. 2945.72 or by establishing that the accused is not entitled to use the triple-count provision in R.C. 2945.71(E).Butcher at 31.
 {¶ 10} R.C. 2945.72 provides, in pertinent part, that *Page 6 
"The time within which an accused must be brought to trial * * * may be extended only by the following:
(A) Any period during which the accused is unavailable for hearing or trial, by reason of other criminal proceedings against him * * *;
(B) Any period during which the accused is mentally incompetent to stand trial * * *;
(C) Any period of delay necessitated by the accused's lack of counsel * * *;
(D) Any period of delay occasioned by the neglect or improper act of the accused;
(E) Any period of delay necessitated by reason of a plea * * * made or instituted by the accused;
(F) Any period of delay necessitated by a removal or change of venue pursuant to law;
(G) Any period during which trial is stayed pursuant to an express statutory requirement, or pursuant to an order of another court competent to issue such an order;
(H) The period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion;
(I) Any period during which an appeal filed pursuant to section2945.67 of the Revised Code is pending."
 {¶ 11} Generally, when computing how much time has run against the state under R.C. 2945.71 we will begin with the date that the state initially arrested the accused. State v. Broughton (1991),62 Ohio St.3d 253, 260, 581 N.E.2d 541. However, and as correctly noted by the trial court, the Supreme Court of Ohio has held in State v. Bauer that if the accused failed to appear for a scheduled trial he waives "his right to assert a violation of his statutory speedy trial rights for the period of time from his initial arrest to the date that he is rearrested."Bauer, supra. Further, and again as correctly *Page 7 
noted by trial court in its denial of Appellant's motion, this Court, relying upon precedent from other appellate districts, has extended the reasoning in Bauer to apply to situations where the appellant fails to appear at other scheduled court appearances, such as scheduling conferences, change of plea hearings and arraignments. See, State v.Gibson (1992), 75 Ohio App.3d 388, 599 N.E.2d 438 (where the court held that the appellant waived speedy trial rights when he failed to appear at a scheduling conference); State v. Russell (June 30, 1998), Athens App. No. 97CA37, 1998 WL 357546 (noting that an appellant's failure to appear at a scheduled court appearance results in waiver of right to assert speedy trial violations); State v. Eldridge, Scioto App. No. 02CA2842, 2003-Ohio-1198 (where this Court held that appellant's failure to appear at his scheduled felony arraignment resulted in waiver of his right to assert speedy trial violations); and State v. Bishop, Vinton App. No. 02CA573, 2003-Ohio-1385 (where this Court held that appellant's failure to appear at a change of plea hearing resulted in a waiver of his right to assert speedy trial violations).
 {¶ 12} Our review of the record shows Appellant failed to appear for his felony arraignment after posting a $5,000.00 surety bond after he waived his preliminary hearing and agreed to be bound over to the common pleas court. Applying the Supreme Court of Ohio's holding inBauer, Appellant *Page 8 
waived his right to assert a statutory speedy trial violation for the period between his initial arrest and his subsequent arrest on the outstanding warrant on April 19, 2006.
 {¶ 13} Appellant argues that Bauer is factually distinguishable from the case sub judice, arguing that the present facts are significantly different from those where an accused fails to appear for trial. We initially note that Bauer involved an appellant's failure to attend a scheduled trial in which he was notified of the time, date and location. Here, Appellant failed to appear at his felony arraignment and claims the state did not exercise reasonable diligence in attempting to serve process upon him. However, the trial court apparently found the information provided by the Sheriffs department to be credible, which indicated that although attempts to formally serve Appellant with his indictment and summons were unsuccessful. Further, Appellant had notice of the fact that charges were pending against him and called the Sheriffs department to inform them that he would pick up his summons and indictment. However, Appellant failed to do so.
 {¶ 14} Similar circumstances existed in Russell, supra. In that case, the appellant argued that he was not informed of the trial date however, the trial court found otherwise. On appeal, this Court left the trial court's findings undisturbed, based on the reasoning that "`[t]he choice between *Page 9 
credible witnesses and their conflicting testimony rests solely with the finder of fact and an appellate court may not substitute its own judgment for that of the finder of fact.'" Russell, supra; citingState v. Awan (1986), 22 Ohio St.3d 120, 123, 489 N.E.2d 277. Further,in State v. Stamper, Lawrence App. No. 05CA21, 2006-Ohio-722, this Court reasoned that an appellant who was put on notice of the charges pending against him "could have voluntarily placed himself before the court in order to avoid any prejudice from delay."
 {¶ 15} In light of the foregoing reasoning, we begin our speedy trial computation with Appellant's re-arrest on April 19, 2006. Appellant was re-arrested on April 19, 2006, and was held in jail from that time until the time of his trial on June 28, 2006. Based upon these facts, and not counting the day of Appellant's re-arrest, the maximum number of speedy trial days that could have passed was two hundred ten, or seventy calendar days multiplied by three, in accordance with the triple count provision. Therefore, and even without tolling any time for Appellant's discovery requests, the state did not violate Appellant's statutory right to a speedy trial because it concluded his case within two hundred seventy days.
 {¶ 16} Thus, the trial court did not err in denying Appellant's motion to dismiss because the state still had 60 days to bring him to trial. Therefore, *Page 10 
the trial court disposed of Appellant's case in two hundred ten statutory days, which was well within the two hundred seventy day limit. Accordingly, we overrule Appellant's sole assignment of error and affirm the judgment of the trial court.
 JUDGMENT AFFIRMED. *Page 11 
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Ross County Common Pleas Court to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, J. and Kline, J.: Concur in Judgment and Opinion. *Page 1