[Cite as *State v. Williams*, 2014-Ohio-2737.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellant, | : | No. 13AP-992 |
| | | (C.P.C. No. 13CR-1459) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| Benjamin O. Williams, Jr., | : | |
| Defendant-Appellee | : | |

D E C I S I O N

Rendered on June 24, 2014

*Ron O'Brien*, Prosecuting Attorney, *Michael P. Walton*, and *Seth L. Gilbert,* for appellant.

*Yeura R. Venters*, Public Defender, and *Timothy E. Pierce*, for appellee.

APPEAL from the Franklin County Court of Common Pleas

LUPER SCHUSTER, J.

{¶ 1} Plaintiff-appellant, state of Ohio, appeals from a decision and entry of the Franklin County Court of Common Pleas granting the motion to dismiss of defendant-appellee, Benjamin O. Williams, Jr., due to a violation of appellee's constitutional right to a speedy trial. Because the trial court did not err in dismissing Counts 1, 2, and 3 of the indictment but the trial court erred in dismissing Counts 4 and 5 of the indictment, we affirm in part and reverse in part.

I. Facts and Procedural History

{¶ 2} The material facts are not in dispute. On March 30, 2009, the Columbus Police Department filed a complaint in the Franklin County Municipal Court alleging appellee committed a robbery at a CVS Pharmacy on North High Street ("High Street

CVS") earlier that day.  The municipal court issued a warrant related to the single charge. On April 10, 2009, a second robbery occurred at a CVS Pharmacy on Parsons Avenue ("Parsons Avenue CVS"), but law enforcement officials never filed a complaint in connection with this second robbery.

{¶ 3}  On June 24, 2009, the Columbus Police Department received notification that appellee was in pretrial incarceration in Georgia awaiting trial for armed robbery, but the Columbus Police Department did not communicate this information to the prosecutor's office.  In May 2012, appellee entered a guilty plea to armed robbery in Georgia where he received a sentence of 20 years in prison, including credit for the nearly three years he spent in pretrial incarceration.

{¶ 4}  On February 13, 2013, appellee filed a letter with the Franklin County Municipal Court seeking a final disposition of the March 2009 case related to the High Street CVS.  Upon learning of appellee's letter, an assistant county prosecutor contacted the Columbus Police Department's robbery division and requested the felony packet related to the case, which the county prosecutor's office received on March 4, 2013.

{¶ 5}  The state indicted appellee on March 15, 2013 on five felony counts: one count of escape, in violation of R.C. 2911.01, and four counts of robbery, in violation of R.C. 2911.02.  The escape count alleged appellee was out of range and/or removed an electronic monitor on or about the day of the High Street CVS robbery.  Counts 2 and 3 were alternative robbery charges related to the High Street CVS robbery, while Counts 4 and 5 were alternative robbery charges related to the Parsons Avenue CVS robbery.

{¶ 6}  Following an extradition request, the state of Georgia transferred appellee to Ohio for further proceedings.  Appellee entered a plea of not guilty to all five charges on June 26, 2013.  On August 19, 2013, appellee filed a motion to dismiss the entire indictment based on an alleged violation of appellee's constitutionally guaranteed right to a speedy trial.

{¶ 7}  The trial court conducted a hearing on appellee's motion on October 10, 2013. At the conclusion of the hearing, the trial court indicated it would grant appellee's motion to dismiss all five counts of the indictment.  The trial court journalized its dismissal of the entire indictment in a November 13, 2013 decision and entry.  The state timely appeals.

## II. Assignments of Error

{¶ 8}   On appeal, the state assigns the following two assignments of error for our review:

> [1.] The trial court erred in dismissing counts one, four, and five of the indictment, as [appellee's] constitutional right to a speedy trial was not violated.
>
> [2.] The trial court erred in dismissing counts two and three of the indictment, as [appellee's] constitutional right to a speedy trial was not violated.

For ease of discussion, we address the state's assignments of error out of order.

## III. Standard of Review and Applicable Law

{¶ 9}   An appellate court's review of a trial court's decision regarding a motion to dismiss based upon a violation of the speedy-trial provisions involves a mixed question of law and fact. *State v. Watson*, 10th Dist. No. 13AP-148, 2013-Ohio-5603, ¶ 12, citing *State v. Fultz*, 4th Dist. No. 06CA2923, 2007-Ohio-3619, ¶ 8.  We must give due deference to a trial court's findings of fact if supported by competent, credible evidence, but we must independently review whether the trial court properly applied the law to the facts of the case. *Id.*, citing *Fultz* at ¶ 8.

{¶ 10} "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the state and district wherein the crime shall have been committed."  Sixth Amendment to the U.S. Constitution.  The Ohio Constitution separately guarantees the right to a speedy trial in Article I, Section 10.  The Sixth Amendment applies to the states through the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *Barker v. Wingo*, 407 U.S. 514, 515 (1972).

{¶ 11} In analyzing a claim that the state violated a defendant's constitutional speedy-trial rights, courts utilize a two-pronged inquiry.  "First, the defendant must make a threshold showing of a 'presumptively prejudicial' delay to trigger application of the *Barker* analysis." *State v. Sellers*, 10th Dist. No. 08AP-810, 2009-Ohio-2231, ¶ 14, citing *Doggett v. United States*, 505 U.S. 647, 651-52 (1992).  If a presumptively prejudicial delay exists, then the second inquiry requires the court to consider (1) the length of the delay, (2) the reason for the delay, (3) the defendant's assertion of the speedy-trial right, and (4) the resulting prejudice to the defendant. *Doggett* at 651.

**IV. Second Assignment of Error – Counts 2 and 3**

{¶ 12} In its second assignment of error, the state asserts the trial court erred in dismissing Counts 2 and 3 of the indictment, which are alternative robbery charges related to the High Street CVS robbery. More specifically, the state argues the trial court erroneously weighed the factors in the *Barker* analysis.

{¶ 13} As noted above, in analyzing a defendant's claim of a violation of his constitutional speedy-trial rights, we must first look to whether there was a "presumptively prejudicial" delay sufficient to trigger application of the *Barker* analysis. *Sellers* at ¶ 14, citing *Doggett* at 651-52. Generally, a delay approaching one year is presumptively prejudicial. *State v. Vasquez*, 10th Dist. No. 13AP-366, 2014-Ohio-224, ¶ 43, citing *State v. Glass*, 10th Dist. No. 10AP-558, 2011-Ohio-6287, ¶ 20, citing *State v. Miller*, 10th Dist. No. 04AP-285, 2005-Ohio-518, ¶ 12.

{¶ 14} Here, the Columbus Police Department filed the municipal court complaint for the High Street CVS robbery on March 30, 2009 but the felony indictment did not issue until March 15, 2013, nearly four years later. By the time appellee filed his motion to dismiss on August 19, 2013, more than four years had passed since the initial municipal complaint. Thus, appellee demonstrated a "presumptively prejudicial" delay sufficient to trigger the application of the *Barker* analysis for Counts 2 and 3 of the indictment.

{¶ 15} Once a defendant makes the threshold showing of a presumptively prejudicial delay, we must consider and weigh the four *Barker* factors to determine whether there was a violation of defendant's constitutional speedy-trial rights. We balance the factors in a totality of the circumstances framework, and no one factor is controlling. *Watson* at ¶ 26, citing *Barker* at 530.

{¶ 16} Although the state argues that the period of delay is merely a threshold inquiry, this court has consistently held that we again consider the length of the delay in weighing the *Barker* factors, and a longer delay weighs more heavily against the state. *Sellers* at ¶ 14 (noting the length of the delay is a "double inquiry"), citing *Doggett* at 651; *State v. Scott*, 10th Dist. No. 09AP-611, 2009-Ohio-6785, ¶ 25. *See also Doggett* at 655-56 (noting that "[w]hile such presumptive prejudice cannot alone carry a Sixth Amendment claim without regard to the other *Barker* criteria * * *, it is part of the mix of relevant facts,

and its importance increases with the length of delay").  We agree with appellee that the four-year delay here is significant.

{¶ 17} The second *Barker* factor focuses on the reasons for the delay, and we must consider whether the defendant or the government is more to blame for the delay.  *Watson* at ¶ 28.  As the trial court noted, the state conceded that the police department "simply did not follow up once they discovered [appellee] was in jail in Georgia."  (Decision and Entry, 6.)  Even though the government knew where appellee was located for the nearly four years following the municipal complaint, the government elected not to pursue him.  Where the state does not act "with reasonable diligence in commencing prosecution against appellee," the length of the delay can be attributed to the state.  *State v. Selvage*, 80 Ohio St.3d 465, 470 (1997).

{¶ 18} Though there was some discussion at the hearing about whether it would have been feasible for the state to secure appellee's transfer to Ohio while he was awaiting trial in Georgia, the fact remains that the state never attempted to initiate the procedures to bring appellee to Ohio for trial.  Further, to the extent the state suggests appellee is at fault for being incarcerated in another state, there was no evidence in the record that appellee "was absconding from the jurisdiction or eluding prosecution in any way, shape or form." (Decision and Entry, 7.)  The state offered no explanation for its failure to pursue appellee despite knowing his precise whereabouts since June 2009.  Thus, we agree with the trial court that the second prong of the *Barker* test weighs against the state.

{¶ 19} The third *Barker* factor looks to appellee's assertion of his right to a speedy trial.  Appellee filed a motion to dismiss the indictment based on his speedy-trial rights on August 19, 2013.  "Generally, when the defendant has filed a motion to dismiss based on speedy trial violations, courts will weigh the third *Barker* factor in the defendant's favor." *Watson* at ¶ 29, citing *State v. Johnson*, 12th Dist. No. CA2011-09-169, 2013-Ohio-856, ¶ 40; *State v. Hilyard*, 4th Dist. No. 05CA598, 2005-Ohio-4957, ¶ 19; *State v. Turner*, 7th Dist. No. 93 CA 91, 2004-Ohio-1545, ¶ 38.  Additionally, the trial court noted the state conceded appellee was not even aware of the charges against him until he requested disposition of the municipal complaint on February 13, 2013.  *See State v. Walker*, 10th Dist. No. 06AP-810, 2007-Ohio-4666, ¶ 20 (noting " '[w]hether and how a defendant

asserts his right is closely related to the other factors' "), quoting *Barker* at 531. Thus, the third factor also weighs against the state.

{¶ 20} The fourth *Barker* factor concerns prejudice to the accused. We must assess prejudice in light of the interests that the speedy-trial right intends to protect: (1) preventing oppressive pretrial incarceration, (2) minimizing a defendant's anxiety and concern, and (3) limiting the possible impairment of a defense. *Id.* at ¶ 32, citing *Barker* at 532. Appellee concedes he was incarcerated in Georgia anyway and acknowledges that he cannot simultaneously claim unawareness of the pending charges and anxiety. Nonetheless, appellee argues the third consideration weighs in his favor because the length of the delay is attributable to the state and " 'excessive delay presumptively compromises the reliability of a trial in ways that neither party can prove, or for that matter, identify.' " *State v. Triplett*, 78 Ohio St.3d 566, 570 (1997), quoting *Doggett* at 655. The state responds that because appellee cannot point to any actual, identifiable prejudice and, instead, only speculates at possible harm to his defense, the fourth prong of the *Barker* analysis weighs against appellee.

{¶ 21} However, for a post-indictment or post-complaint delay, proof of actual prejudice is not dispositive. "[F]or purposes of the right to a speedy trial, 'consideration of prejudice is not limited to the specifically demonstrable, and * * * affirmative proof of particularized prejudice is not essential to every speedy-trial claim.' " *Selvage* at 469, quoting *Doggett* at 655. We are mindful that " 'impairment of one's defense is the most difficult form of speedy trial prejudice to prove because time's erosion of exculpatory evidence and testimony "can rarely be shown." ' " *Id.*, quoting *Doggett* at 655, quoting *Barker* at 532.

{¶ 22} Although there is not a showing of particularized prejudice, we agree with appellee and the trial court that the state's "excessive delay is sufficient reason to compromise the reliability of the trial in ways that neither party can prove or identify in advance" especially where "the passage of time is wholly attributable to the [s]tate's inactivity." (Decision and Entry, 9-10.) *See State v. Sears*, 166 Ohio App.3d 166, 2005-Ohio-5963, ¶ 16 (1st Dist.). When we weigh all four of the *Barker* factors, then, we conclude the trial court did not err in determining appellee's right to a speedy trial had

been violated with respects to Counts 2 and 3 of the indictment. Accordingly, we overrule the state's second assignment of error.

## V. First Assignment of Error – Counts 1, 4, and 5

{¶ 23} In its first assignment of error, the state asserts the trial court erred in dismissing Counts 1, 4, and 5 of the indictment. Because there was never a municipal court complaint related to Counts 1, 4, and 5, the state argues speedy-trial rights did not attach to those counts until appellee was formally indicted.

### A. Waiver

{¶ 24} Appellee first argues the state never asserted in the trial court that Counts 1, 4, and 5 of the indictment were subject to a different speedy-trial analysis than Counts 2 and 3 of the indictment. To the contrary, appellee argues the state conceded all five counts qualified as being "presumptively prejudicial" to meet the threshold inquiry for the *Barker* analysis, so the state should be precluded from arguing otherwise here.

{¶ 25} "Well established in law is the principle that a party cannot raise new issues or legal theories for the first time on appeal." *State v. Pilgrim*, 184 Ohio App.3d 675, 2009-Ohio-5357, ¶ 19 (10th Dist.), citing *State v. Atchley*, 10th Dist. No. 07AP-412, 2007-Ohio-7009, ¶ 8, citing *Stores Realty Co. v. Cleveland*, 41 Ohio St.2d 41, 43 (1975). *See also State v. Barrett*, 10th Dist. No. 11AP-375, 2011-Ohio-4986, ¶ 13, citing *State v. Totten*, 10th Dist. No. 05AP-278, 2005-Ohio-6210, ¶ 9, citing *State v. Comen*, 50 Ohio St.3d 206, 211 (1990). Appellee urges us to conclude that because the state did not advance this specific legal argument in the trial court, the waiver doctrine precludes the state from arguing alternative legal principles for the first time on appeal.

{¶ 26} After reviewing the record, we agree with appellee that the state did not advance this particular legal argument in the trial court. Therefore, the state has waived this issue except for plain error. *Pilgrim* at ¶ 58, citing *State v. Diar*, 120 Ohio St.3d 460, 2008-Ohio-6266, ¶ 139. An appellate court recognizes plain error with the utmost caution, under exceptional circumstances, and only to prevent a miscarriage of justice. *Id.*, citing *Diar* at ¶ 139.

{¶ 27} For an error to be a "plain error" under Crim.R. 52(B), it must satisfy three prongs: (1) there must be an error, meaning a deviation from a legal rule, (2) the error must be "plain," meaning an "obvious" defect in the trial proceedings, and (3) the error must

have affected "substantial rights," meaning the error must have affected the outcome of the trial. *State v. Barnes*, 94 Ohio St.3d 21, 27 (2002).

{¶ 28} This court has previously held "that the Sixth Amendment's speedy trial provision has no application until the putative defendant becomes an 'accused,' " which can be either upon indictment or upon the filing of a criminal complaint. *State v. Jenkins*, 10th Dist. No. 93AP-859 (Jan. 18, 1994), citing *United States v. Marion*, 404 U.S. 307, 313 (1971). Here, the trial court analyzed all five counts of the indictment as being subject to the four-year delay in prosecution. The four-year time frame, however, relates to the March 30, 2009 municipal complaint for the High Street CVS robbery. Both parties concede only Counts 2 and 3 of the indictment reflect the allegations in the municipal court complaint.

{¶ 29} Because Counts 1, 4, and 5 of the indictment were never charged in municipal court, those counts should be subject to their own analyses to determine when appellee became an "accused" as that term relates to each individual charge for purposes of Sixth Amendment speedy-trial protections. *See State v. Baker*, 78 Ohio St.3d 108, 112 (1997) (holding that "[w]hen additional criminal charges arise from facts distinct from those supporting an original charge, or the state was unaware of such facts at that time, the state is not required to bring the accused to trial within the same statutory period as the original charge"). Accordingly, it was error for the trial court to analyze all five counts together without regard to the distinct time frame applicable to each charge. The result of the trial court's analysis was the dismissal of the entire indictment, thereby preventing the state from continuing with its prosecution; thus, this error amounts to plain error because it was an obvious deviation from a legal rule that affected the outcome of the trial, and we will consider it accordingly.

### B. Count 1 – Escape

{¶ 30} Appellee next asserts that, even if we conclude waiver does not bar consideration of the separate analysis, we must consider the indictment as a whole. According to appellee, all five counts of the indictment are so factually interrelated, as evidenced by the state's decision to include all five counts in a single indictment, that we must analyze all five counts according to when the High Street CVS robbery was charged in municipal court.

{¶ 31} Appellee relies on Crim.R. 8(A), which states "[t]wo or more offenses may be charged in the same indictment * * * in a separate count for each offense if the offenses charged * * * are of the same or similar character, or are based on the same act or transaction, or are based on two or more acts or transactions connected together or constituting parts of a common scheme or plan, or are part of a course of criminal conduct."  By combining all five counts into a single indictment, appellee argues the state inherently acknowledged that the offenses were so related as to constitute a course of criminal conduct and a common scheme.  Thus, according to appellee, the municipal court complaint from March 30, 2009 commenced the speedy trial clock for all five counts in the indictment.

{¶ 32} Appellee cites multiple cases for the proposition that when "the events are so factually and logically related[,] * * * different crimes must be treated together for speedy trial purposes." *State v. Grover*, 11th Dist. No. 97-A-0021 (Sept. 25, 1998); *see also State v. Clay*, 9 Ohio App.3d 216, (11th Dist.1983); *State v. DeLong*, 70 Ohio App.3d 402, 406 (10th Dist.1990).  However, "[t]he relevant question is whether the state, based upon the facts known to it when it filed the original charge, could have brought the additional charges at the same time."  *State v. Brumley*, 4th Dist. No. 04CA785, 2005-Ohio-2226, ¶ 14, citing *State v. Rockwell*, 82 Ohio App.3d 44, 45 (10th Dist.1992).

{¶ 33} Here, the Parsons Avenue CVS robbery occurred 11 days after the High Street CVS robbery.  Because the municipal complaint regarding the High Street CVS robbery was filed before the Parsons Avenue CVS robbery occurred, there is no way the state could have brought charges related to the Parsons Avenue CVS robbery at the same time.  Thus, we do not agree with appellee that Counts 4 and 5 of the indictment, which are alternative robbery charges for the Parsons Avenue CVS robbery, are so factually and logically related to Counts 2 and 3 of the indictment that they must be considered together.

{¶ 34} Count 1, however, relates to the escape charge.  Although the record before us lacks factual development related to this charge, the terms of the indictment, itself, indicate the escape occurred March 30, 2009, the same day as the High Street CVS robbery.

{¶ 35} The state argues there is no way to determine from the record when the state knew of the escape so we should not assume the state could have brought the escape charge at the same time it filed the municipal complaint.  *See State v. Parker*, 113 Ohio St.3d 207,

2007-Ohio-1534, ¶ 19, quoting *Baker* at 110 (noting that " 'in issuing a subsequent indictment, the state is not subject to the speedy-trial timetable of the initial indictment, when * * * the state did not know of these facts at the time of the initial indictment' "). However, the state does not, and cannot, allege it was unaware appellee was under detention at the time of the High Street CVS robbery.  If the state was able to identify appellee in order to file the municipal complaint, that identification should have provided sufficient information that appellee, who was under detention, must have eluded detention in order to commit the robbery.  *See id.* at ¶ 20 (stating "speedy-trial time is not tolled for the filing of later charges that arose from the facts of the criminal indictment that led to the first charge").

{¶ 36} The state could have filed the escape charge contemporaneously with the robbery charge for the High Street CVS, so we will analyze Count 1 of the indictment as having a speedy trial start date of March 30, 2009.  As such, it is subject to the same analysis outlined above in our resolution of the state's second assignment of error in which we concluded the state's excessive delay and lack of reasonable diligence in pursuing appellee are enough for us to conclude that appellee's speedy-trial rights have been violated.  Thus, it was not error for the trial court to dismiss Count 1 of the indictment.

### C. Counts 4 and 5 – Parsons Avenue CVS Robbery

{¶ 37} We must next determine whether the trial court's dismissal of Counts 4 and 5 of the indictment was plain error sufficient to warrant reversal.  Counts 4 and 5 are alternate robbery charges related to the Parsons Avenue CVS.

{¶ 38} As we stated above, Counts 4 and 5 are not so factually related to Counts 2 and 3 such that they must be considered under the same speedy-trial analysis.  The fact that the counts were in a single indictment does not change our analysis.  We note appellee's argument that if the state wished to apply a separate speedy-trial analysis to each count of the indictment, the state should have moved to sever the indictment pursuant to Crim.R. 14.  *See State v. Collins*, 91 Ohio App.3d 10, 14-15 (6th Dist.1993) (holding that where the prosecution elected to indict the defendant in a single indictment, did not move to sever under Crim.R. 14, and treated all counts as part of the same case, "the prosecution may not choose, on appeal, to treat the offenses as having been severed" for purposes of computing the time under a statutory speedy-trial analysis).  *See also State v. Thompson*,

2d Dist. No. 20114, 2004-Ohio-1320, ¶ 45.  However, appellee is unable to point to any controlling authority in support of this argument.  Under the facts here, where a multiple-count indictment contains charges related to separate instances that are not so factually related that all charges arose from the same conduct, we will examine each count of the indictment individually to determine whether there has been a violation of the defendant's speedy-trial rights.  *See Baker* at 112.

{¶ 39} Because the speedy-trial protections do not apply until the defendant becomes an "accused," we look to the date of filing of the indictment for Counts 4 and 5 to determine when the speedy-trial clock begins to run.  The state filed the indictment on March 15, 2013, and appellee filed his motion to dismiss on August 19, 2013.  Only five months had elapsed from the time of indictment to the time appellee sought dismissal.  As we explained above, a threshold inquiry to the *Barker* analysis is whether there has been a presumptively prejudicial delay, which this court has consistently construed to mean delays approaching one year.  *Glass* at ¶ 20, citing *Miller* at ¶ 12.  On the facts of this case, we do not find a five-month delay to be sufficient to meet the threshold inquiry to trigger the full *Barker* analysis for Counts 4 and 5 of the indictment.  On *Barker* grounds, then, it was error for the trial court to dismiss Counts 4 and 5.  *See Vasquez* at ¶ 45 (appellate court need not weigh the remaining *Barker* factors where there has not been a threshold showing of a presumptively prejudicial delay).

{¶ 40} In certain situations, speedy-trial protections can apply to a pre-indictment delay in commencing prosecution when the defendant demonstrates actual prejudice.  *State v. Luck*, 15 Ohio St.3d 150 (1984), paragraph two of the syllabus.  Appellee erroneously relies on the Supreme Court of Ohio's decision in *State v. Meeker*, 26 Ohio St.2d 9 (1971), which held at paragraph three of the syllabus that "[t]he [state and federal] constitutional guarantees of a speedy trial are applicable to unjustifiable delays in commencing prosecution, as well as to unjustifiable delays after indictment."  However, the Supreme Court subsequently limited the holding of *Meeker* to cases that are factually similar.  *Luck* at 153.

{¶ 41} The defendant in *Meeker* was initially indicted in 1963 for one of four offenses arising from a single sequence of events.  It was not until 1969, when the defendant's conviction on the 1963 indictment was overturned by a post-conviction order,

that the state obtained a new indictment charging the defendant with the three other crimes, all of which related to acts the defendant committed at the same time and place as the offense in the 1963 indictment. The facts in *Meeker* are distinguishable from the facts here. As we have already explained, Counts 4 and 5 of the indictment related to conduct that did not occur at the same time and place as Counts 1, 2, and 3 of the indictment. Because this case is not factually similar to *Meeker*, we find *Meeker* inapplicable here. Instead, we turn to the Supreme Court of Ohio's holding in *Luck* to determine whether the pre-indictment delay here amounted to a violation of appellee's constitutional speedy-trial rights.

{¶ 42} In *Luck*, the Supreme Court held that "[a]n unjustifiable delay between the commission of an offense and a defendant's indictment therefor, which results in actual prejudice to the defendant, is a violation of the right to due process of law under Section 16, Article I of the Ohio Constitution and the Fifth and Fourteenth Amendments to the United States Constitution." *Luck* at paragraph two of the syllabus. "When a defendant moves to dismiss an indictment by presenting evidence establishing substantial prejudice resulting from pre-indictment delay, the burden shifts to the state to produce evidence of a justifiable reason for the delay." *State v. Tullis*, 10th Dist. No. 04AP-333, 2005-Ohio-2205, ¶ 14, citing *State v. Whiting*, 84 Ohio St.3d 215, 217 (1998), citing *Luck* and *United States v. Lovasco*, 431 U.S. 783 (1977). "Proof of actual prejudice to the defendant must be specific and non-speculative; the defendant bears the burden of demonstrating the exculpatory value of the evidence of which he was deprived due to the delay." *Id.*, citing *State v. Peoples*, 10th Dist. No. 02AP-945, 2003-Ohio-4680, ¶ 30.

{¶ 43} Appellee here has not demonstrated specific, non-speculative prejudice sufficient to shift the burden to the state to provide a justifiable reason for its delay in the context of pre-indictment prosecution. Instead, appellee asserted generalized prejudice based almost entirely on the length of the state's delay in commencing prosecution. While the *Barker* analysis allows for a totality of the circumstances approach in which the length of the delay carries more weight for a post-indictment delay, the *Luck* analysis requires specifically articulated prejudice in order to find a constitutional violation of a defendant's speedy-trial rights based on a pre-indictment delay. Though the passage of time undoubtedly presents challenges in ways that are difficult to quantify, even an assertion of "

'the absence of witnesses is insufficient to constitute a showing of actual prejudice,' " and the *Luck* analysis instead requires " 'the defendant must be able to show in what specific manner missing witnesses would have aided his defense to establish actual prejudice.' " *Tullis* at ¶ 15, quoting *State. v. Bass*, 10th Dist. No. 02AP-547, 2003-Ohio-1642, ¶ 71.

{¶ 44} The only specific prejudice appellee asserts is his supposed inability to negotiate for a sentence that would run concurrent with his Georgia prison sentence. We do not find this argument sufficient to establish specific, non-speculative prejudice. Appellee's Georgia prison sentence is for 20 years with 13 years guaranteed, and he has yet to be convicted of, or sentenced on, Counts 4 and 5 here, so this argument is merely speculative. Even assuming his ultimate conviction, appellee will still have the opportunity at that time to negotiate for an Ohio prison term that runs concurrent with his Georgia prison term.

{¶ 45} Thus, because appellee cannot demonstrate actual prejudice from the pre-indictment delay related to Counts 4 and 5, it was error for the court to dismiss those counts of the indictment. Because we conclude this error amounted to plain error, we sustain the state's first assignment of error in part as it relates to Counts 4 and 5 and overrule the state's first assignment of error in part as it relates to Count 1 of the indictment.

## VI. Disposition

{¶ 46} Based on the foregoing reasons, the trial court did not err in granting appellee's motion to dismiss as to Counts 1, 2, and 3 of the indictment, but the trial court erred in granting appellee's motion to dismiss Counts 4 and 5 of the indictment. Having sustained in part and overruled in part the state's first assignment of error and having overruled the state's second assignment of error, we affirm in part and reverse in part the judgment of the Franklin County Court of Common Pleas and remand this matter to that court for further proceedings in accordance with law and consistent with this decision.

*Judgment affirmed in part and reversed in part;*
*cause remanded.*

KLATT and DORRIAN, JJ., concur.

———————————————