[Cite as *State v. Wright,* 2022-Ohio-143.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                                   Court of Appeals No.  L-21-1101

      Appellee                                             Trial Court No.  CR0202001892

v.

Marvin D. Wright                                         **DECISION AND JUDGMENT**

      Appellant                                            Decided:  January 21, 2022

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Khaled Elwardany, Assistant Prosecuting Attorney, for appellee.

Laurel A. Kendall, for appellant.

* * * * *

**DUHART, J.**

{¶ 1} This is an appeal filed by appellant, Marvin Wright, from the May 25, 2021

judgment of the Lucas County Court of Common Pleas.  For the reasons that follow, we

affirm the trial court's judgment.

**{¶ 2}** Appellant sets forth one assignment of error:

The trial court violated Mr. Wright's right to a speedy trial under the Sixth Amendment to the U.S. Constitution, the Ohio Constitution, Article I, Section 10, and in violation of R.C. 2945.71 and R.C. 2945.73 when it denied his Motion to Dismiss.

### Background

**{¶ 3}** On July 25, 2020, appellant was arrested for improperly discharging a firearm at or into a habitation or school and domestic violence. On July 27, 2020, appellant appeared in Toledo Municipal Court, and the municipal court docket reads: "[b]ond set at $50,000 at no percent. * * * At request of the Defendant, preliminary hearing set for 08/03/2020[.]"

**{¶ 4}** On August 3, 2020, the docket shows appellant's bond was continued. Also on that day, appellant was charged by indictment with improperly discharging a firearm at or into a habitation and felonious assault, both second degree felonies. On August 6, 2020, appellant was arraigned in the Lucas County Court of Common Pleas, and a $100,000 bond was established for both charges. Also on August 6, 2020, appellant filed a request for discovery. The state filed a response to appellant's request on August 19, 2020.

**{¶ 5}** A pretrial hearing was held on September 10, 2020, and a trial date was scheduled for October 5, 2020.

2.

{¶ 6} On October 5, 2020, appellant's trial counsel requested that the trial date be vacated; the trial was rescheduled for November 2, 2020.

{¶ 7} A special pretrial hearing was held by the court on October 29, 2020, and the November 2, 2020 trial date was vacated due to the court being unavailable.

{¶ 8} On November 2, 2020, appellant filed a motion to dismiss. A hearing was held on November 12, 2020, at which the court noted 52 days of the 90-day speedy trial time were used, leaving 38 days remaining to schedule a trial date. The court found appellant's motion to dismiss not well-taken. The trial was rescheduled for November 30, 2020.

{¶ 9} On November 30, 2020, the trial date was vacated as the administrative judge decided that, due to the coronavirus pandemic growing worse, there would be no jury trials until after January 1, 2021. The trial date was rescheduled for January 11, 2021.

{¶ 10} On January 11, 2021, the trial date was again vacated as the administrative judge directed that no jury trials be held through the end of February 2021. The trial date was rescheduled for April 5, 2021.

{¶ 11} On January 12, 2021, appellant filed another motion to dismiss. On February 17, 2021, the trial court issued a written opinion finding 58 days had run, and denying the motion to dismiss. This finding revised the court's November 12, 2020 ruling that 52 days had run.

3.

{¶ 12} On April 1, 2021, appellant entered a no contest plea to attempted improperly discharging a firearm into a habitation, a third degree felony

{¶ 13} On May 20, 2021, appellant was sentenced to four years of community control, and on May 25, 2020, the judgment entry was filed. Appellant timely appealed.

**Standard of Review**

{¶ 14} Appellate review of a trial court's denial of a motion to dismiss based upon a violation of the speedy trial provisions involves a mixed question of law and fact. *See State v. Williams*, 10th Dist. Franklin No. 13AP-992, 2014-Ohio-2737, ¶ 9. We must give due deference to the trial court's findings of fact if supported by competent, credible evidence, but we must independently review whether the trial court properly applied the law to the facts of the case. *Id.* Thus, we apply a de novo standard of review to the trial court's legal conclusions. *See State v. Keaton*, 10th Dist. Franklin No. 16AP-716, 2017-Ohio-7036, ¶ 6.

**Law**

{¶ 15} "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed." Sixth Amendment to the U.S. Constitution. The Ohio Constitution also guarantees the right to a speedy trial in Article I, Section 10. *Williams* at ¶ 10, citing *Barker v. Wingo*, 407 U.S. 514, 515, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972).

4.

{¶ 16} R.C. 2945.71(C)(2) provides that the state must bring an accused, who is arrested on felony charges, to trial within 270 days of his arrest. And, for "each day during which the accused is held in jail in lieu of bail on the pending charge shall be counted as three days." R.C. 2945.71(E). If an accused is not brought to trial within the speedy trial time limits, the court, upon a motion, must discharge the accused. R.C. 2945.73(B).

{¶ 17} The running of the speedy trial time clock may be temporarily tolled or stopped, but only for the reasons listed in R.C. 2945.72. Relevant here, the speedy trial clock may be stopped during "[t]he period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion[.]" R.C. 2945.72(H). *See also State v. Sanchez*, 110 Ohio St.3d 274, 2006-Ohio-4478, 853 N.E.2d 283, ¶ 8.

{¶ 18} When the trial court sua sponte grants a continuance under R.C. 2945.72(H), the court "must enter the order of continuance and the reasons therefor by journal entry prior to the expiration of the time limit prescribed in R.C. 2945.71 for bringing a defendant to trial." *State v. Mincy*, 2 Ohio St.3d 6, 441 N.E.2d 571 (1982), syllabus.

{¶ 19} "When an accused demonstrates a prima facie case of a speedy trial violation by showing that the trial was held beyond the time limit set by the statute, the burden shifts to the state to show that some statutory exception or exceptions tolled the

time." *State v. Taylor*, 6th Dist. Lucas No. L-98-1375, 2001 WL 1198648, *2.  Speedy trial statutes must be strictly construed against the state.  *Brecksville v. Cook*, 75 Ohio St.3d 53, 57, 661 N.E.2d 706 (1996).

{¶ 20} Regarding preliminary hearings, Crim.R. 5(B)(1) states in relevant part:

In felony cases a defendant is entitled to a preliminary hearing unless waived in writing.  * * * If the defendant does not waive the preliminary hearing, the judge or magistrate shall schedule a preliminary hearing within a reasonable time, but in any event no later than ten consecutive days following arrest or service of summons if the defendant is in custody * * *.

{¶ 21} When computing time, Crim.R. 45(A) provides:

In computing any period of time prescribed or allowed by these rules, by the local rules of any court, by order of court, or by any applicable statute, the date of the act or event from which the designated period of time begins to run shall not be included.  The last day of the period so computed shall be included, unless it is a Saturday, Sunday, or legal holiday, in which event the period runs until the end of the next day which is not Saturday, Sunday, or legal holiday.  When the period of time prescribed or allowed is less than seven days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in computation.

6.

**Additional Authority**

{¶ 22} In response to the COVID-19 pandemic which began in early 2020, the Ohio Attorney General issued an opinion on March 18, 2020, which stated that "[c]ourts may suspend jury trials to prevent the spread of the novel coronavirus, and they may do so consistent with state and federal speedy-trial obligations." 2020 Ohio Atty.Gen.Ops. No. 2020-002, syllabus. The opinion cited to R.C. 2945.72(H), which allows for delay during "'the period of any reasonable continuance granted other than upon the accused's own motion[,]'" and it was concluded that "the current pandemic emergency provide[d] a 'reasonable' basis for continuance * * * [and] a continuance would comport with state and federal constitutional guarantees." *Id.* at * 2 and * 5. *See also State v. McCorkle*, 2d Dist. Greene No. 2020-CA-36, 2021-Ohio-2604, ¶ 25.

**Arguments**

{¶ 23} Appellant argues he was arrested on July 25, 2020, and was jailed in lieu of bond until April 1, 2021, when he entered a plea. He contends since he was held in custody for the entire time, or approximately 246 days, those days must be multiplied by 3 to determine the equivalent number of speedy trial days, 738 days, which exceeds the 270-day limit. Appellant claims he has made a prima facie showing that his speedy trial time elapsed before trial.

{¶ 24} Appellant argues no time should have been tolled when the case was in municipal court, prior to arraignment, and he disputes the tolling of the continuance from

7.

October 5, 2020 to November 2, 2020, when the trial date was rescheduled. He asserts the October 5, 2020 discussion on the record between his counsel and the court did not constitute a waiver of time pursuant to his own motion, and this continuance should not have been charged to him.

{¶ 25} Appellant notes that his first motion to dismiss was filed on November 2, 2020, and oral arguments were heard on November 12, 2020. Appellant submits the court incorrectly determined 52 days of the available 90 days for speedy trial had been used. Appellant argues that from July 25, 2020 to November 12, 2020 is 107 days, times 3 is 321 days, subtract 13 days for discovery which equals 307 days. Appellant claims even if the continuance from October 5 to November 2, 2020 is charged to him, the speedy trial days would equal 270 days at that point. Appellant maintains since the trial was not held on November 12, 2020, his speedy trial rights were violated.

{¶ 26} The state counters that the issue of speedy trial essentially comes down to the October 5, 2020 pretrial hearing date. The state notes the court asked appellant's counsel, "'so you're requesting a new trial date; is that correct?'" Counsel replied, "'That's correct, Your Honor.'" The state contends that discussion constitutes a waiver of time, as appellant requested the new trial date. The state observes that the new trial date was scheduled for November 2, 2020. The state asserts October 5 to November 2, 2020 was properly charged to appellant.

8.

**{¶ 27}** The state further argues, with respect to the special pretrial hearing held on October 29, 2020, that the court called the pretrial because the court was unavailable on the November 2, 2020 trial date. The state contends based on the court's calculation in February 2021, there would have been 58 days used out of 90 days, as of October 29, 2020. The court moved the trial date to November 12, 2020, and time was tolled from November 2, 2020, when appellant filed his motion to dismiss, until November 12, 2020.

**{¶ 28}** Trial was set for November 30, 2020, which the state claims would have used 18 days for speedy trial, from November 12 to November 30, 2020.

**{¶ 29}** On November 30, 2020, the administrative judge issued an order putting a stop to all jury trials until January 2021. The state claims the continuance was reasonable and necessary due to the coronavirus pandemic. The court scheduled trial for January 11, 2021, but the pandemic was still in effect and the administrative judge extended its order from January until March 2021. The trial was rescheduled for April 5, 2020. The state maintains this continuance was reasonable and necessary under the circumstances since the court was barred from holding trials from November 2020 until March 2021.

## Analysis

**{¶ 30}** The following dates and events are relevant to the starting and stopping of the speedy trial clock and our calculation of appellant's speedy trial time:

| Date | Event/Clock/Time |
|------|------------------|
| 7/25/20 | Appellant arrested; speedy trial clock starts. |

9.

| | |
|---|---|
| 7/27/20 | Appellant in municipal court, bond set; preliminary hearing scheduled for 8/3/20. |
| 8/3/20 | Bond continued; appellant indicted. |
| 8/6/20 | Appellant arraigned in common pleas, bond set; appellant filed discovery request; clock stops (12 days). |
| 8/19/20 | State filed discovery response; clock restarts. |
| 9/10/20 | Pretrial held; 10/5/20 trial date scheduled. |
| 10/5/20 | Appellant's attorney requested trial date vacated; trial rescheduled for 11/2/20; clock stops (47 days). |
| 10/29/20 | Special pretrial hearing held; 11/2/20 trial date vacated as court is unavailable. |
| 11/2/20 | Appellant filed first motion to dismiss; clock still stopped. |
| 11/12/20 | Hearing held; court said 52 days used, 38 left; motion denied; trial rescheduled for 11/30/20; clock restarts. |
| 11/30/20 | Trial vacated due to pandemic; trial rescheduled for 1/11/21; clock stops (18 days). |
| 1/11/21 | Trial vacated due to pandemic; trial rescheduled for 4/5/21; clock still stopped. |
| 1/12/21 | Appellant filed second motion to dismiss; clock still stopped. |

2/17/21          Court issued opinion denying motion to dismiss, said 58 days used;

                 clock still stopped.

4/1/21           Appellant entered plea.

Adding the times, 12+47+18 = 77 days.

### Explanation and Findings

{¶ 31} Our explanation of the foregoing and the reasons which support it, as well as our findings, follows.

{¶ 32} The speedy trial clock starts to run when appellant was arrested on July 25, 2020. *See* R.C. 2945.71(C)(2). On July 27, 2020, appellant appeared in Toledo Municipal Court, bond was set and a preliminary hearing was scheduled. This event does not stop the running of the speedy trial clock, as it is not due to a "continuance granted on the accused's own motion," nor is it due to a "reasonable continuance granted other than upon the accused's own motion[.]" R.C. 2945.72(H). Appellant merely exercised his right to a preliminary hearing, pursuant to Crim.R. 5(B), and the trial court selected a date for the hearing. While the preliminary hearing was scheduled for August 3, 2020, it is unclear from the record that it was held.

{¶ 33} On August 6, 2020, appellant filed a discovery request, which stops the clock. *See* R.C. 2945.72(H). On August 19, 2020, the state filed its discovery response, which again starts the clock.

11.

{¶ 34} On October 5, 2020, a conversation was held on the record between appellant's trial counsel and the court regarding the trial date and plea negotiations. Appellant's counsel indicated there were discussions with the state and an offer was made but "it was the intention that we were not going forward with the plea today. So * * * we just need to pick another trial date, please." We find that, in the course of the conversation, appellant's counsel requested a new trial date, the trial court granted the request and rescheduled the trial for November 2, 2020. This stops the clock. *See* R.C. 2945.72(H).

{¶ 35} On October 29, 2020, the trial court called a special pretrial in order to vacate the November 2, 2020 trial date due to the court's unavailability. We find this was a reasonable continuance. *See* R.C. 2945.72(H) and *Mincy*, 2 Ohio St.3d 6, 441 N.E.2d 571, at syllabus. Therefore, the clock is still stopped.

{¶ 36} On November 2, 2020, appellant filed a motion to dismiss. This would have stopped the clock, but the clock was already stopped as of October 5, 2020. On November 12, 2020, the hearing on the motion to dismiss was held. The trial court denied the motion to dismiss and rescheduled the trial date, so the clock starts again.

{¶ 37} On November 30, 2020, the trial court vacated the trial date due to the pandemic, and rescheduled the trial for January 11, 2021. Pursuant to R.C. 2945.72(H), *McCorkle*, 2d Dist. Greene No. 2020-CA-36, 2021-Ohio-2604, and 2020 Ohio

Atty.Gen.Ops. No. 2020-002, we find the pandemic emergency is a reasonable basis for a continuance. Therefore, the clock is stopped.

{¶ 38} On January 11, 2021, the trial court again vacated the trial date due to the pandemic, and rescheduled the trial for April 5, 2021. Pursuant to R.C. 2945.72(H), *McCorkle*, 2d Dist. Greene No. 2020-CA-36, 2021-Ohio-2604, and the attorney general's opinion, we again find the pandemic emergency is a reasonable basis for a continuance. The clock is still stopped.

{¶ 39} On January 12, 2021, appellant filed his second motion to dismiss. We find the filing of this motion would have stopped the clock, but the clock was already stopped. On February 17, 2021, the trial court issued a written opinion denying the motion to dismiss.[1] The clock is still stopped, as the trial was slated for April 5, 2021. On April 1, 2021, appellant entered a plea.

{¶ 40} We therefore find, that as of April 1, 2021, when appellant entered his no contest plea, 77 of 90 days were used. Since appellant did not post bond, he remained confined in lieu of bail, which entitled him to a three-for-one day count, pursuant to R.C. 2945.71(E), for each day that he was confined. Thus, we find that 231 days of 270 days were used. We further find appellant's plea was entered within the 270-day limit

---

[1] We note the trial court's ruling denying appellant's motion to dismiss was correct, albeit for the wrong reason, as the trial court concluded 58 days were used, which was not accurate. *See DeFoe v. Schoen Builders, LLC*, 6th Dist. Wood No. WD-18-031, 2019-Ohio-2255, ¶ 21.

13.

imposed by R.C. 2945.71(C)(2). Accordingly, appellant's assignment of error is not well-taken.

{¶ 41} The judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J.

_____
JUDGE

Christine E. Mayle, J.

Myron C. Duhart, P.J.
CONCUR.

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.