JOURNAL ENTRY AND OPINION
{¶ 1} Appellant, Eric Wells, appeals his conviction for drug possession on the basis that his right to a speedy trial was violated. After a thorough review of the record and for the reasons set forth below, we affirm.
 {¶ 2} On August 11, 2006, the Cuyahoga County Grand Jury indicted appellant on two counts: Count One, drug trafficking, in violation of R.C. 2925.03; and Count Two, drug possession, in violation of R.C.2925.11. These charges were brought under Case No. CR-06-484835. Prior to the indictment in this case, appellant was incarcerated from July 11, 2006, the date of his arrest, until July 27, 2006, the date on which he posted bail on his original bond.
 {¶ 3} After appellant's release from jail on this case, he was incarcerated on two other cases in which there were pending indictments.[1] On August 25, 2006, when appellant failed to appear in court, as he was bound to do by the conditions of his own recognizance bond, the court ordered a bond forfeiture and issued a capias. Appellant, however, was being held in jail because he had been arrested in another matter.[2]
 {¶ 4} On September 5, 2006, appellant was arraigned in the instant case. The court vacated the bond forfeiture and set bond at $2,500, but bond was not *Page 4 
made. Appellant remained in jail from September 5, 2006 until his trial on March 28, 2007.
 {¶ 5} The docket reflects that between September 5, 2006 and the date of trial, appellant requested nine continuances, all of which were granted by the court. The docket further reflects one continuance requested by the state and four continuances due to conflicts on the court's schedule. On March 20, 2007, appellant filed a pro se motion to dismiss the charges against him for violation of his right to a speedy trial. The court denied appellant's motion, and the case proceeded to trial.
 {¶ 6} On March 28, 2007, a jury trial commenced. The court denied appellant's motion for acquittal under Crim.R. 29, both at the end of the state's case and again at the close of trial. The jury returned a verdict of not guilty on the charge of drug trafficking and a verdict of guilty on the charge of drug possession. The court sentenced appellant to 15 months in prison, with credit for 231 days of jail time served.
 {¶ 7} Appellant raises two assignments of error on appeal. *Page 5 
 Speedy Trial {¶ 8} "I. The trial court's failure to grant Mr. Wells' motion to dismiss violated his state and federal constitutional rights to a speedy trial."
 {¶ 9} The Sixth and Fourteenth Amendments to the United States Constitution, as well as Section 10, Article I of the Ohio Constitution, guarantee a criminal defendant the right to a speedy trial by the state.State v. O'Brien (1987), 34 Ohio St.3d 7, 516 N.E.2d 218. In Barker v.Wingo (1972), 407 U.S. 514, 523, 92 S.Ct. 2182, 2188, 33 L.Ed.2d 101,112-113, the United States Supreme Court declared that, with regard to fixing a time frame for speedy trials, "[t]he States * * * are free to prescribe a reasonable period consistent with constitutional standards * * *." To that end, the Ohio General Assembly enacted R.C. 2945.71 in order to comply with the Barker decision. See, also, State v. Lewis
(1990), 70 Ohio App.3d 624, 591 N.E.2d 854.
 {¶ 10} R.C. 2945.71 states in pertinent part: "(C) A person against whom a charge of felony is pending: * * * (2) Shall be brought to trial within two hundred seventy days after his arrest. * * * (E) For purposes of computing time under divisions (A), (B), (C)(2), and (D) of this section, each day during which the accused is held in jail in lieu of bail on the pending charge shall be counted as three days. This division does not apply for purposes of computing time under division (C)(1) of this section." The triple-count provision in R.C. 2945.71(E) does not apply to defendants who are being held in jail on other charges at the same time. State v. Ladd (1978), 56 Ohio St.2d 197, 383 N.E.2d 579. *Page 6 
 {¶ 11} It is well established that the Ohio speedy trial statute constitutes a rational effort to enforce the constitutional right to a public speedy trial of an accused charged with the commission of a felony or misdemeanor and shall be strictly enforced by the courts of this state. State v. Pachay (1980), 64 Ohio St.2d 218, 416 N.E.2d 589.
 {¶ 12} Once the statutory limit has expired, the defendant has established a prima facie case for dismissal. State v. Howard (1992),79 Ohio App.3d 705, 607 N.E.2d 1121. At that point, the burden shifts to the state to demonstrate that sufficient time was tolled pursuant to R.C. 2945.72. State v. Geraldo (1983), 13 Ohio App.3d 27,468 N.E.2d 328. Conflicts in the court's trial schedule and motions for continuance at the defendant's request will toll the days. R.C. 2945.72(H). If the state fails to meet its burden, the defendant must be discharged.State v. Butcher (1986), 27 Ohio St.3d 28, 500 N.E.2d 1368.
 {¶ 13} Clearly, more than 270 days passed between the date of appellant's arrest and the date of his trial. Thus, appellant has established a prima facie case that his right to a speedy trial was violated. The burden then shifts to the state to demonstrate that sufficient time has tolled under R.C. 2945.72.
 {¶ 14} "The time [in which the state must bring a defendant to trial] may be tolled by certain events delineated in R.C. 2945.72(E) and (H), including continuances granted as a result of defense motions and any reasonable continuance granted other than upon the request of the accused." State v. Taylor, 98 Ohio St.3d 27, 2002-Ohio-7017,781 N.E.2d 72. *Page 7 
 {¶ 15} Appellant was arrested on July 11, 2006 and remained in jail until July 27, 2006, entitling him to 54 days credit (18 days times 3). R.C. 2945.71 (E). For the period from July 28, 2006, when appellant was released on bond, until September 5, 2006, when he was reincarcerated on this case, appellant is entitled to 39 days credit. This brings the total to 93 days.
 {¶ 16} Appellant was in jail from September 5, 2006 until his trial on March 28, 2007, a total of 204 days. Because appellant was being held on other charges, none of these days is subject to the triple-count provision, but instead each day is credited on a one-for-one basis.Ladd, supra. Specifically, appellant was being held on Case No. CR-06-488956 through February 27, 2007; on Case No. CR-06-488908 through March 15, 2007; and on Case No. CR-06-488148 through March 28, 2007. Absent days tolled against appellant, this brings the total number of days credited to appellant to 297.
 {¶ 17} Yet, not all of the days appellant was incarcerated between September 5, 2006 and March 28, 2007 count towards his total jail time. Appellant argues that, although the docket reflects that he asked for continuances nine separate times for discovery purposes, those continuances were not actually at his request. While we accept that the court speaks through its docket entries, we are sensitive to the fact that there is no record of written motions or transcript testimony in open court that appellant requested any or all of these continuances. However, even if we compute time disregarding entries reflecting appellant's requests for continuances "for discovery," we still find that the state did not exceed the 270 day limit. *Page 8 
 {¶ 18} There were several periods while appellant was incarcerated that the number of days were correctly tolled. A total of 44 days were tolled because the court had trial conflicts. The docket reflects that the court continued appellant's trial because of conflicts in its trial schedule on October 25, 2006 (21 days), January 30, 2007 (4 days), February 9, 2007 (4 days), and February 21, 2007 (15 days). These 44 tolled days for court scheduled conflicts reduce the original 297 days to 253, well within the allotted 270 days.
 {¶ 19} The state has met its burden of showing that appellant was brought to trial within 270 days of his arrest. Therefore, we overrule appellant's first assignment of error.
 Ineffective Assistance of Counsel {¶ 20} "II. If counsel failed to adequately pursue dismissal for violation of speedy trial and this resulted in prejudice to appellant, then appellant was denied his right to the effective assistance of counsel."
 {¶ 21} In his second assignment of error, appellant argues that he received ineffective assistance of counsel because his attorney did not move to dismiss the case for violation of his right to a speedy trial. We find appellant's second assignment of error without merit.
 {¶ 22} Having overruled appellant's first assignment of error, we cannot find that counsel was ineffective for failing to raise this issue. The number of days between appellant's arrest and his trial had not reached the statutory maximum of 270 days under R.C. 2945.71, and appellant's attorney would not have succeeded *Page 9 
on a motion to dismiss. Therefore we overrule appellant's second assignment of error.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES J. SWEENEY, A.J., and CHRISTINE T. McMONAGLE, J., CONCUR
[1] The grand jury handed down indictments against appellant in CR-06-488956 and CR-06-488148; however, the docket reflects these cases were redundant, and both were subsequently dismissed in February and March 2007.
[2] Appellant was also indicted in CR-06-488908 and remained incarcerated under that case until it was dismissed on March 15, 2007. *Page 1