[Cite as *State v. Hogue*, 2014-Ohio-1565.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

| STATE OF OHIO | C.A. No. 13CA0014-M |
|---|---|
| Appellant | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| TINA HOGUE | MEDINA MUNICIPAL COURT COUNTY OF MEDINA, OHIO |
| Appellee | CASE No. 11 TRC 07072 |

DECISION AND JOURNAL ENTRY

Dated: April 14, 2014

HENSAL, Presiding Judge.

{¶1}    The State of Ohio appeals a judgment of the Medina Municipal Court that granted Tina Hogue's motion to suppress.  For the following reasons, this Court affirms.

I.

{¶2}    On November 21, 2011, Ohio State Patrol Sergeant Jason Bittinger charged Ms. Hogue with operating a vehicle while intoxicated, operating a vehicle with a prohibited alcohol level, and making an improper right turn on red.  Ms. Hogue moved to suppress the results of the Intoxilyzer 8000 breath-alcohol test that she took that night.  The municipal court granted her motion, finding that the Ohio Department of Health had failed to issue any guidelines for determining whether an individual is qualified to operate the Intoxilyzer 8000.  It reasoned that, because there are no standards to guide the health department's discretion in deciding who may operate the machines, the access card it had issued to Sergeant Bittinger was invalid.  It also found that the agency had failed to properly maintain the results of Ms. Hogue's breath-alcohol

test.  The State has appealed, arguing that the municipal court improperly granted the motion to suppress.

## II.

THE MEDINA MUNICIPAL COURT ERRED IN GRANTING THE DEFENDANT'S MOTION TO SUPPRESS EVIDENCE.

{¶3}    The State argues that the municipal court incorrectly determined that there are no guidelines for determining who is qualified to administer an Intoxilyzer 8000 breath-alcohol test. It also argues that the court incorrectly found that it failed to properly maintain Ms. Hogue's test results.  We will address the second issue first because it is dispositive.

{¶4}    A motion to suppress presents a mixed question of law and fact:

When considering a motion to suppress, the trial court assumes the role of trier of fact and is therefore in the best position to resolve factual questions and evaluate the credibility of witnesses.  Consequently, an appellate court must accept the trial court's findings of fact if they are supported by competent, credible evidence. Accepting these facts as true, the appellate court must then independently determine, without deference to the conclusion of the trial court, whether the facts satisfy the applicable legal standard.

(Internal citations omitted.)  *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, ¶ 8.

{¶5}    Courts assess the admissibility of alcohol-test results through a burden-shifting procedure.  *Id*. at ¶ 24.  "The defendant must first challenge the validity of the alcohol test by way of a pretrial motion to suppress[.]"  *Id*.  "After a defendant challenges the validity of test results in a pretrial motion, the state has the burden to show that the test was administered in substantial compliance with the regulations prescribed by the Director of Health."  *Id*.  "Once the state has satisfied this burden and created a presumption of admissibility, the burden then shifts to the defendant to rebut that presumption by demonstrating that he was prejudiced by anything less than strict compliance."  *Id*.

{¶6} The State does not dispute that Ms. Hogue satisfied the first part of the analysis by filing a pretrial motion to suppress. Regarding whether the breath-alcohol test complied with the Department of Health's regulations, Ohio Administrative Code Rule 3701-53-01(A) provides that the results of a breath-alcohol test must be retained for at least three years. Mary Martin, program administrator for alcohol and drug testing at the Ohio Department of Health, testified that, when a test is administered on an Intoxilyzer 8000, the results of the test are transmitted electronically to a database at the Health Department and kept indefinitely. In this case, however, the Health Department did not receive the results of Ms. Hogue's test. She speculated that there was probably a problem with the computer server that was supposed to receive the results.

{¶7} Ms. Martin testified that, even if the results of an Intoxilyzer 8000 test cannot be transferred to the central database, the machine also prints a hardcopy of them. The State introduced the printout from Ms. Hogue's test at the suppression hearing. Ms. Martin admitted, however, that not all of the information that is transmitted to the central database appears on the printout. She explained that, as of the date of the hearing, the information that the Intoxilyzer 8000 transmits to the central database but does not include on the hardcopy is "atmospheric pressure, intake pressure, subject volume, subject duration, [and] sample attempts." The municipal court found that, because that information was "no longer available for [Ms. Hogue's] test * * * [Ms. Hogue] is unable to raise challenges to the accuracy and reliability of this specific test because this information was deleted." (emphasis deleted.) It concluded that, although the State had substantially complied with the regulations by maintaining a hardcopy of the test results, Ms. Hogue had demonstrated prejudice from the lack of strict compliance. The court, therefore, suppressed the results of the breath-alcohol test.

{¶8} The State argues that it substantially complied with Rule 3701-53-01(A) by maintaining a hard copy of Ms. Hogue's test results. According to the State, the information on the hardcopy is the same as could have been retrieved electronically from the central database but for the transfer error. The State argues that the only difference between the electronic and hardcopy versions of the test results is the way the information is displayed.

{¶9} The State's argument belies Ms. Martin's testimony. Ms. Martin admitted that there was additional information that the Intoxilyzer 8000 measures that it does not include on the hardcopy of the test results. In any event, considering that the municipal court found substantial compliance, the State's argument is misplaced. The municipal court suppressed the results of the breath-alcohol test because it found that Ms. Hogue established that she was prejudiced by the State's less than strict compliance. Ms. Hogue argued that, because of the measurements that were lost, she could not analyze them to determine whether they would support a challenge to her breath-alcohol test. The State has not argued in its appellate brief that Ms. Hogue failed to establish prejudice. Accordingly, we conclude that the municipal court did not err when it found that Ms. Hogue was prejudiced by the State's failure to preserve all of the measurements from Ms. Hogue's breath-alcohol test.

{¶10} Because Ms. Hogue was prejudiced by the State's less than strict compliance with Rule 3701-53-01(A), we conclude that the municipal court correctly granted her motion to suppress. The State's assignment of error is overruled.

III.

{¶11} The municipal court did not err when it granted Ms. Hogue's motion to suppress. The judgment of the Medina Municipal Court is affirmed.

Judgment affirmed.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Medina Municipal Court, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

MOORE, J.
CONCURS.

CARR, J.
DISSENTING.

{¶12} I respectfully dissent. I would reverse the trial court's judgment granting Hogue's motion to suppress. I do not believe that Hogue met her burden to demonstrate prejudice as a result of information missing from the printed results of the Intoxilyzer 8000 test.

**{¶13}** As the majority notes, as this issue has evolved, "courts have applied a burden-shifting procedure to govern the admissibility of alcohol-test results." *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, ¶ 24. The *Burnside* court clarified:

> The defendant must first challenge the validity of the alcohol test by way of a pretrial motion to suppress; failure to file such a motion waives the requirement on the state to lay a foundation for the admissibility of the test results. After a defendant challenges the validity of test results in a pretrial motion, the state has the burden to show that the test was administered in substantial compliance with the regulations prescribed by the Director of Health. Once the state has satisfied this burden and created a presumption of admissibility, the burden then shifts to the defendant to rebut that presumption by demonstrating that he was prejudiced by anything less than strict compliance.

(Internal quotations and citations omitted.) *Id.*

**{¶14}** The municipal court found that the State substantially complied with O.A.C. 3701-53-01(A), and Hogue has not challenged that finding. Accordingly, the burden shifted to Hogue to demonstrate that she suffered prejudice as a result of less-than strict compliance with the rule.

**{¶15}** The majority concludes that the State did not argue on appeal that Hogue failed to establish prejudice. I disagree. The State argued that the data it produced was the same as the data that would have been contained in the fully compliant electronic format, and that the two versions differed only by way of their respective visual formats. In an effort to demonstrate prejudice, Hogue argued merely that any missing information might have shown that she was not intoxicated. She did not argue how, or even that, the missing information affected the validity of the results of the alcohol test. She needed to make more than vague assertions that mere substantial compliance with the rule prejudiced her. Rather, she assumed the burden of *demonstrating* prejudice. *Burnside* at ¶ 24. In this case, I conclude that she failed to do that.

Accordingly, I would reverse the trial court's granting of the motion to suppress and remand the matter for further proceedings.

APPEARANCES:

GREGORY HUBER, J. MATTHEW LANIER, RICHARD BARBERA, and KEVIN DUNN, Attorneys at Law, for Appellant.

JOSEPH C. PATITUCE, MEGAN M. PATITUCE, and CATHERINE R. MEEHAN, Attorneys at Law, for Appellee.