[Cite as *Cleveland v. Evans*, 2014-Ohio-4567.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 100721**

## CITY OF CLEVELAND

PLAINTIFF-APPELLEE

vs.

## JIMMY A. EVANS

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cleveland Municipal Court
Case No. 2013-TRC-009146

**BEFORE:** Celebrezze, P.J., Jones, J., and E.A. Gallagher, J.

**RELEASED AND JOURNALIZED:** October 16, 2014

**ATTORNEYS FOR APPELLANT**

Robert L. Tobik
Cuyahoga County Public Defender
BY:    Erika B. Cunliffe
Assistant Public Defender
310 Lakeside Avenue
Suite 200
Cleveland, Ohio   44113


**ATTORNEYS FOR APPELLEE**

Victor R. Perez
Chief Assistant Prosecutor
City of Cleveland, Law Department
The Justice Center
1200 Ontario Street
Cleveland, Ohio   44113

Mark V. Guidetti
Thomas M. Hanculak
Prosecutors, Village of Bratenahl
Joseph W. Diemert & Associates
1360 SOM Center Road
Cleveland, Ohio   44124

FRANK D. CELEBREZZE, JR., P.J.:

**{¶1}** Appellant, Jimmy Evans, bring this appeal from his conviction for driving under the influence of alcohol ("O.V.I."). Appellant argues that his right to a speedy trial as well as his rights against double jeopardy were violated. After a thorough review of the record and law, we affirm.

## I. Factual and Procedural History

**{¶2}** On October 5, 2012, close to midnight, appellant was driving within the village of Bratenahl. Officer Benjamin Izor of the Bratenahl Police Department initiated a traffic stop of appellant's vehicle after observing that no headlights were on while appellant was driving on Interstate 90. He also witnessed appellant make an illegal "U" turn and other traffic violations. Officer Izor indicated that, on approaching the vehicle, he smelled a strong odor of alcohol. When asked for identification and vehicle registration, appellant indicated his license was suspended. He also admitted to consuming alcoholic beverages and that he felt "buzzed." Officer Izor conducted a battery of field sobriety tests and developed probable cause to believe that appellant was intoxicated based on the results. Appellant was arrested and submitted to a breath alcohol test, which determined his blood alcohol level to be 0.179 grams of alcohol per 210 liters of breath. However, Officer Izor did not issue appellant a citation for operating a vehicle while intoxicated. Instead, he issued appellant a citation for illegal "U" turn in violation of Bratenahl Codified Ordinance ("B.C.O.") 331.12, driving while under suspension in violation of B.C.O. 335.07; failure to control/weaving in violation of

B.C.O. 331.34; driving without headlights illuminated when required in violation of B.C.O. 337.02; and possession of marijuana in violation of B.C.O. 513.03.

{¶3} On October 15, 2012, a complaint was filed by the village of Bratenahl (the "Village") in the Cleveland Municipal Court charging appellant with the above infractions.

{¶4} Because appellant had several prior arrests for other O.V.I. offenses, police referred potential charges for violating Ohio's O.V.I. statute, R.C. 4511.19, to the county prosecutor for a potential felony indictment. A Cuyahoga County Common Pleas case number was assigned, but ultimately, a felony prosecution did not go forward.

{¶5} On October 30, 2012, as part of a negotiated plea agreement, appellant entered a plea of no contest to driving under a suspended license in violation of B.C.O. 335.07, for which he was ordered to pay a fine. The trial court also imposed a jail sentence, but suspended all days not previously served.

{¶6} On February 10, 2013, appellant was served with a citation for driving under the influence of alcohol or drugs in violation of R.C. 4511.19(A)(1)(a) and 4511.19(A)(1)(h). A criminal complaint was filed on February 14, 2013, listing the same charges. Appellant filed a motion to suppress the breath test as unreliable on March 22, 2013. Appellant also filed a motion to dismiss on March 9, 2013, arguing that his rights to a speedy trial and against double jeopardy were violated. After numerous continuances at appellant's request and a few necessitated by the court's schedule, a hearing on these motions was held on September 10, 2013. The trial court denied both

motions the same day. The court issued a lengthy opinion setting forth its reasoning. On November 5, 2013, appellant entered a no contest plea to the first count, and the second count was dismissed in conformity with a plea agreement.

{¶7} The trial court ordered a presentence investigation report and set a date for a sentencing hearing. There, appellant was fined $525 and ordered to serve 180 days in jail. Appellant then filed this appeal, assigning three errors for review:

> I. [Appellant's] prosecution for O.V.I. violated his right to a speedy trial guaranteed under R.C. 2945.71(B) and the Ohio Constitution.
>
> II. [Appellant's] prosecution for O.V.I. violated his rights under the Constitution's Fifth and Fourteenth Amendments where he had entered into a plea agreement resolving the matter and the [Village] had not expressly reserved the right to pursue the additional charge.
>
> III. The trial court violated [appellant's] right to due process and his rights under the Fourteenth Amendment when it denied his motion challenging the results of his B.A.C. testing as unreliable without a hearing.

## II. Law and Analysis

### A. Speedy Trial

{¶8} The right to a speedy trial is a fundamental right guaranteed by the Sixth Amendment to the United States Constitution. This right must be observed by the states as mandated by the Fourteenth Amendment. Section 10, Article I of the Ohio Constitution guarantees an accused this same right. *State v. MacDonald*, 48 Ohio St.2d 66, 68, 357 N.E.2d 40 (1976).

{¶9} When reviewing a trial court's decision granting or denying a motion to dismiss for violation of the right to a speedy trial, we are to accord deference to the lower

court's findings of fact, but we review the lower court's application of those facts to the law de novo. *State v. Robertson*, 8th Dist. Cuyahoga No. 93396, 2010-Ohio-2892, ¶ 11, citing *State v. Henley*, 8th Dist. Cuyahoga No. 86591, 2006-Ohio-2728. Ohio speedy trial statutes, "R. C. 2945.71 et seq., constitute a rational effort to enforce the constitutional right to a public speedy trial of an accused charged with the commission of a felony or a misdemeanor and shall be strictly enforced by the courts of this state." *State v. Pachay*, 64 Ohio St.2d 218, 416 N.E.2d 589 (1980), at the syllabus.

{¶10} The Village had 90 days within which to bring appellant to trial on his two first-degree misdemeanors. R.C. 2945.71(B)(2). There is no indication in the record before this court that appellant was in jail awaiting trial other than the day of his arrest, so the triple-count provision of R.C. 2945.71 is inapplicable.[1]

{¶11} Once the statutory limit has expired, the defendant has established a prima facie case for dismissal. *State v. Howard*, 79 Ohio App.3d 705, 607 N.E.2d 1121 (8th Dist.1992). At that point, the burden shifts to the state to demonstrate that sufficient time was tolled pursuant to R.C. 2945.72. *State v. Geraldo*, 13 Ohio App.3d 27, 468 N.E.2d 328 (6th Dist.1983). Conflicts in the court's trial schedule and motions for continuance at the defendant's request will toll the days. R.C. 2945.72(H). If the state fails to meet

---

[1] There was a capias warrant issued in this case, but the record does not reflect any period of arrest as a result. After the warrant was issued, a motion to recall capias was filed on May 21, 2013, and the court reinstated "original bond determination" on June 4, 2013.

its burden, the defendant must be discharged. *State v. Butcher*, 27 Ohio St.3d 28, 500 N.E.2d 1368 (1986). But the Ohio Supreme Court also recognized that

> "the prescribed times for trial set forth in R.C. 2945.71 are not absolute in all circumstances, but a certain measure of flexibility was intended by the General Assembly by the enactment of R.C. 2945.72, wherein discretionary authority is granted to extend the trial date beyond the R.C. 2945.71 time prescriptions."

*Brecksville v. Cook*, 75 Ohio St.3d 53, 55-56, 661 N.E.2d 706 (1996), quoting *State v. Wentworth*, 54 Ohio St.2d 171, 173, 375 N.E.2d 424 (1978).

**{¶12}** Appellant's claim of violation is supported by case law indicating that if multiple charges stem from the same conduct, even if they are prosecuted in differing jurisdictions, the same speedy trial start date applies to all charges. The Village supports its argument by citing to Ohio's speedy trial statute and arguing that appellant was never under arrest, indicted, or charged with O.V.I. prior to February 10, 2013.

**{¶13}** This precise situation is not encountered in the case law of this state with any degree of regularity, but a few cases have analogous situations helpful to this court. Appellant cites to the correct law on issues surrounding multiple charges that stem from the same conduct. "[W]hen new and additional charges arise from the same facts as did the original charge and the state knew of such facts at the time of the initial indictment, the time within which trial is to begin on the additional charge is subject to the same statutory limitations period that is applied to the original charge." *State v. Clay*, 9 Ohio App.3d 216, 218, 459 N.E.2d 609 (11th Dist.1983).

**{¶14}** The Ohio Supreme Court has also held that "in issuing a subsequent indictment, the state is not subject to the speedy-trial timetable of the initial indictment, when additional criminal charges arise from facts different from the original charges, or the state did not know of these facts at the time of the initial indictment." *State v. Baker*, 78 Ohio St.3d 108, 110, 676 N.E.2d 883 (1997).

**{¶15}** This court has previously decided a case that impacts the analysis of when the speedy trial clock begins to run in the present case even though that result may conflict with holdings in other jurisdictions. *Robertson*, 8th Dist. Cuyahoga No. 93396, 2010-Ohio-2892. In *Robertson*, this court determined that where the facts and circumstances were known to the state at the time charges were filed that underpin other related charges later filed, the same speedy trial clock applied to all charges. This court relied on *Clay, supra*, to set forth that "all charges are subject to the original statutory limitations period, so the guarantees as to the time in which trial must commence are applied to any new and additional charges arising from the same facts as the initial charge if the state is aware of such facts at the time of the first indictment." *Robertson* at ¶ 14, citing *State v. Cotton*, 8th Dist. Cuyahoga Nos. 64361 and 64378, 1994 Ohio App. LEXIS 3134 (July 14, 1994). *See also State v. Parker*, 113 Ohio St.3d 207, 2007-Ohio-1534, 863 N.E.2d 1032.

> **{¶16}** As this court put it,
>
> the key questions that must be considered are whether the additional criminal charges arise from facts different from the original charges, and whether the state knew of these facts at the time of the initial charges. Thus, courts have considered the facts and circumstances of the original and

additional charges, dates on which the original and additional charges are alleged to have occurred and whether the additional charges are based on the same conduct for which the defendant is originally arrested, and whether the charges arose from a single investigation or different investigations.

(Citations omitted.)   *Robertson* at ¶ 18.

{¶17} In the present case, the information leading to appellant's citation for O.V.I. and various other citations issued on October 6, 2012, came from a single investigation into conduct that occurred close in time and all observed by Officer Izor.

{¶18} Another situation that has similarities with the present case is when a case originally charged as a felony is reduced to a misdemeanor.  There, a balancing of interests is necessary given the shorter time the state has to prosecute and the defendant's right to a swift resolution of charges:

> It is well-settled that, "[w]hen an original charge is later reduced to a lesser offense based upon the same conduct, the speedy trial limitations of R.C. 2945.71 begin to run anew on the date the defendant is served with the charge on the lesser offense."   *State v. Smith* (Jan. 12, 2000), 4th Dist. No. 99CA31, 2000 Ohio App. LEXIS 89, at *4, citing *State v. Cattee* (1983), 14 Ohio App.3d 239, 242, 14 Ohio B. 268, 470 N.E.2d 421, and *State v. Besimer* (Feb. 28, 1996), 4th Dist. No. 95CA2110, 1996 Ohio App. LEXIS 825, at *6; see also, *State v. Phillips* (1984), 19 Ohio App.3d 85, 19 Ohio B. 169, 482 N.E.2d 1337, at syllabus ("The date from which the speedy trial provisions of R.C. 2945.71 begin to run for an accused whose original felony charge has been reduced to a misdemeanor is the date the summons was served for the lesser offense."); *State v. Wantz* (Sep. 18, 1992), 11th Dist. No. 92-A-1697, 1992 Ohio App. LEXIS 4805, at *2. However, "the additional number of days that the State receives to try the defendant for the lesser charge cannot exceed the date of the speedy trial deadline of the original charge" thus, the new speedy trial deadline must be "computed by comparing the deadlines for the original and reduced charges and using the earlier of the two deadlines." *Besimer*, 1996 Ohio App. LEXIS 825, at *7 (citation omitted).

*State v. Clark*, 11th Dist. Lake No. 2007-L-139, 2008-Ohio-2760, ¶ 30.

**{¶19}** However, this quote from *Clark* is conspicuously missing language annunciated by the Ohio Supreme Court limiting a new start date for speedy trial purposes to situations where the state receives new information or evidence. *See, e.g., Clay,* 9 Ohio App.3d 216, 459 N.E.2d 609 (11th Dist.1983). Where the same conduct results in multiple charges in complaints or indictments or a mixture of the two, the same date applies to all the proceedings unless new or additional charges result from newly discovered information or charges result from facts different from those initially charged. *Baker*, 78 Ohio St.3d 108, 110, 676 N.E.2d 883 (1997); *State v. Williams*, 10th Dist. Franklin No. 13AP-992, 2014-Ohio-2737.

**{¶20}** The Village's assertion that the O.V.I. charges stem from differing facts is not persuasive. Appellant was pulled over by Officer Izor for instances of moving violations indicative of intoxication. Officer Izor conducted field sobriety tests and had appellant submit to an alcohol breath test. Appellant was also cited for several traffic violations and for possession of marijuana, but this information and conduct was all part of a single occurrence and known to the Village on the night of appellant's arrest. The situation would be different if laboratory analysis of a blood sample was required or some new or additional information became known later. *See State v. Vasquez*, 10th Dist. Franklin No. 13AP-366, 2014-Ohio-224. The situation would also be different if the charges resulted from different conduct.

**{¶21}** In *Phillips*, 19 Ohio App.3d 85, 482 N.E.2d 1337 (10th Dist.1984), a case relied on by the Eleventh District in *Clark*, the Tenth District set forth a reasonable approach to balancing the competing interests at play here:

> At the time defendant was charged, the parties anticipated that he would be tried for a felony offense, which is governed by the 270-day speedy trial period of R.C. 2945.71 (C)(2). It was only after analysis of the drug possessed by defendant, and the passage of 16 "days" for speedy trial purposes, that it became apparent that defendant would only be tried for a misdemeanor, to which the 45-day period of R.C. 2945.71(B)(1) applies. To hold that defendant must be tried within the time that remains from the lesser misdemeanor period would place an unduly severe burden on the prosecution and would require the prosecution to treat all persons suspected of conduct that could constitute either a felony or a misdemeanor as though they will be tried for the misdemeanor.

*Phillips* at 86-87. *See also State v. Loel*, 10th Dist. Franklin No. 13AP-874, 2014-Ohio-3045 (the days between a dismissed indictment and reindictment toll the speedy trial clock).

**{¶22}** The approach below strictly construes the statute, but also balances the competing interests of the Village as set forth in *Phillips*, while conforming to our prior precedent in *Robertson*.

**{¶23}** Appellant was arrested on October 5, 2012. The date of arrest is not counted against the state. *State v. Turner*, 7th Dist. Mahoning No. 93 CA 91, 2004-Ohio-1545. Assuming the clock begins to run on the date of arrest, as appellant argues, rather than the date the complaint is filed, as the Village argues, 24 days elapsed until appellant pled no contest to driving under a suspended license on October 30, 2012, in the earlier misdemeanor case. He was sentenced that day to a suspended jail term and

a fine. Thereafter, appellant was not under arrest and no charges were pending from that date until the receipt of a citation for O.V.I. charges on February 10, 2013.

{¶24} Appellant wishes to count this time against the Village. When no charges are pending and a person is not under arrest or subject to conditions of bond, the reasons for which the speedy trial statute was instituted, "to minimize the restrictions on freedom and the general disruption of life caused by pending and unresolved criminal charges[,]" are not implicated. *Phillips* at 86. Therefore, the speedy trial time is tolled for this period of time. Assuming no tolling would carry over from the earlier misdemeanor case to the present one, 24 days are chargeable to the state during the time from the October 5, 2012 arrest to the issuance of the O.V.I. citation.

{¶25} Nine days were chargeable to the state between the date of service of the citation on February 10, 2014, to the February 19, 2014 pretrial conference where a continuance was entered at appellant's request. From February 19, 2013 to April 9, 2013, continuances requested by appellant tolled the time for trial. R.C. 2945.72(H). Also during this time, appellant filed motions to suppress evidence and to dismiss the charges.[2] Between April 9, 2013 and June 4, 2013, no time is chargeable to the state due to appellant's failure to appear and the subsequent capias warrant. R.C. 2945.72(D). The June 4, 2013 hearing that was scheduled after appellant's motion to recall capias was continued to June 25, 2013, at his request. The trial court's schedule required

---

[2] This tolls the time period to give the state a reasonable time to respond. R.C. 2945.72(E). Because these motions were made during a period already subject to tolling, it does not impact the present calculation.

continuance of pretrial hearings from June 25, 2013 to August 20, 2013. Where the trial court's schedule necessitates a reasonable continuance, that time is not chargeable to the state. *State v. Wells*, 8th Dist. Cuyahoga No. 89768, 2008-Ohio-1723, ¶ 12, citing R.C. 2945.72(H) ("conflicts in the court's trial schedule and motions for continuance at the defendant's request will toll the days"). Therefore, these 56 days are tolled for speedy trial purposes.

{¶26} The August 20, 2013 hearing did not go forward because appellant requested further continuances to September 10, 2013. On that date, a hearing was held on appellant's motions, which were denied by the court, and a pretrial was set for September 25, 2013. This resulted in a further 15 days chargeable to the state. From September 25, 2013, until appellant's plea was entered on October 22, 2013, continuances at his request appear in the record. Thus 48 days chargeable to the state had elapsed from appellant's arrest until appellant's plea was entered. Even assuming that only 30 days of the 56-day continuance due to the court's scheduling conflicts were reasonable, that still leaves the state with 16 days within which to bring appellant to trial by the time he entered his plea.

{¶27} The trial court found that the time before appellant was issued a citation did not count toward the speedy trial calculation. That conclusion is supported by case law from other jurisdictions, but is contrary to some case law in this jurisdiction. Therefore, the trial court applied the improper law to the case, but we reach the same result.

{¶28} Appellant's first assignment of error is overruled.

## B. Breach of a Plea Agreement

**{¶29}** Appellant next argues that his prosecution for O.V.I. violated the terms of his plea agreement with the Village that disposed of the traffic citations and drug possession charge and violated his rights against being twice called to answer for the same offense.

**{¶30}** The Double Jeopardy Clause provides, "no person * * * shall be subject for the same offence to be twice put in jeopardy of life or limb." Appellant argues this prohibition was breached in this case by his subsequent prosecution for O.V.I. after he pled no contest in the earlier case.

**{¶31}** In *State v. Carpenter*, 68 Ohio St.3d 59, 623 N.E.2d 66 (1993), a defendant was charged with felonious assault that resulted in the severe injury of a victim. The state knew at the time it entered into a plea agreement with the defendant that the victim might die as a result of the injuries sustained at the hands of the defendant. The Ohio Supreme Court determined that

> [b]y accepting a plea to a lesser included charge, the state obtained a definite prison term for the defendant and avoided the uncertainties of trial. In exchange, the appellant anticipated that by pleading guilty to attempted felonious assault, and giving up rights which may have resulted in his acquittal, he was terminating the incident and could not be called on to account further on any charges regarding this incident. We think this expectation was entirely reasonable and justified and that the prosecutor was aware of this expectation.

*Id.* at 61-62.

**{¶32}** This holding is not based on the Double Jeopardy Clause of the Constitution, but on contract law. The Ohio Supreme Court explained its holding in

*Carpenter* — "[i]f at the time of the guilty plea to the assault charge, the victim has not died, the final element of the homicide has not occurred, so the offenses are not 'the same.'" *State v. Dye*, 127 Ohio St.3d 357, 2010-Ohio-5728, 939 N.E.2d 1217, ¶ 20, fn. 2, citing *Diaz v. United States*, 223 U.S. 442, 449, 32 S.Ct. 250, 56 L.Ed. 500 (1912) (only at the time of the victim's death, "and not before, [is] it possible to put the accused in jeopardy for that [homicide] offense"). Therefore, the Double Jeopardy Clause is not implicated here where none of the prior charges relate to O.V.I.

{¶33} The further prosecution may constitute a breach of the prior plea agreement under certain circumstances. Plea agreements are creatures of contract. They are governed by ordinary contract principles. *State v. Shelton*, 8th Dist. Cuyahoga No. 98416, 2013-Ohio-1441, ¶ 10.

{¶34} The plea agreement in the present case exchanges appellant forgoing trial and his assent to plead no contest to driving under a suspended license for the Village's agreement to dismiss the remaining charges in the criminal complaint filed in the case. Whether this agreement precluded further prosecution depends on the reasonableness of appellant's claimed intent that the agreement encompassed all possible charges from the night he was arrested. "The focus in *Carpenter* was on the reasonableness of the defendant's belief that the plea agreement would terminate any future charges based upon the same incident." *State v. Harrison*, 122 Ohio St.3d 512, 2009-Ohio-3547, 912 N.E.2d 1106, ¶ 45. The *Harrison* court also discussed *State v. Zima*, 102 Ohio St.3d 61, 2004-Ohio-1807, 806 N.E.2d 542, a case that illustrates when a plea does not prohibit

further prosecution. There, the court cited approvingly the recognition by a member of this court that "'[a] defendant should be aware that a plea taken before a municipal judge with limited criminal jurisdiction might not dispose of the matter fully.'" *Id.* at ¶ 14, quoting *State v. Zima*, 8th Dist. Cuyahoga No. 80824, 2002-Ohio-6327, ¶ 44 (Kilbane, J., concurring in part and dissenting in part).

**{¶35}** The belief that the plea agreement would dispose of all charges arising from the events of October 5, 2012, is not reasonable in this case. The agreement does not touch on O.V.I. charges or preclude further prosecution for such charges. At the time the first plea was entered, a common pleas court case number was assigned for the O.V.I. charges, and grand jury proceedings were pending. As in *Zima*, appellant did not possess a reasonable belief that a plea disposing of the charges listed in the first citation and criminal complaint, which did not reference the O.V.I. charges that were the subject of a common pleas court case, would not preclude his prosecution on those charges. Further, appellant knew or should have known that charges, including felony charges, would be forthcoming when he failed field sobriety tests, produced a result higher than allowed in a breath alcohol test, and had multiple O.V.I. convictions within the past 20 years that could increase the level of the offense to that of a felony.

**{¶36}** Appellant's second assignment of error is overruled.

### C. Suppression of Results from an Intoxilyzer 8000

**{¶37}** In appellant's third assignment of error, he argues that his Fourth Amendment rights were violated when the trial court denied his motion to suppress the

evidence of his breath alcohol test based on a challenge to the reliability of the Intoxilyzer 8000 system used throughout the state.

{¶38} Appellant cites to case law around this state and others that have questioned the reliability of this model of breath testing device. *See, e.g., State v. Hogue*, 11th Dist. Medina No. 12CA0014-M, 2014-Ohio-1565. However, those cases allow for arguments relating to the unreliability of specific machines, procedures used to administer the test, or specific allegations that the Intoxylizer 8000 is unreliable. Appellant's motion to suppress attacked the use of the Intoxylizer 8000 generally. Specific allegations of unreliability are not raised other than the refusal of the manufacturer to turn over highly guarded source code for the machine's programming and the allegation that certain test results beyond the bounds of possibility are replaced in maintained records. The assertion that the machines, in general, are scientifically unreliable are not proper grounds for suppression of a breath test, as recognized by the Ohio Supreme Court. *State v. Vega*, 12 Ohio St.3d 185, 190, 465 N.E.2d 1303 (1984) ("in light of R.C. 4511.19, an accused may not make a general attack upon the reliability and validity of the breath testing instrument").

{¶39} More recently, the Ohio Supreme Court reaffirmed that general attacks on the reliability of the Intoxylizer 8000 are improper grounds for a motion to suppress. *Cincinnati v. Ilg*, Slip Opinion No. 2014-Ohio-4258 (Oct. 1, 2014). The *Ilg* court outlined what presumptive validity and the Ohio Department of Health regulations did not preclude; namely, challenges to specific machines or specific test results, including the

manner the test was conducted, the timing of the test, and the proper operation of the specific machine used. It held that arguments were permitted "challenging the accuracy, competence, admissibility, relevance, authenticity, or credibility of specific test results or whether the specific machine used to test the accused operated properly at the time of the test." *Id.* at the syllabus.

{¶40} As to the reliability and admissibility of the Intoxylizer 8000 generally, the state legislature has given the Ohio Department of Health the task of implementing standard and sufficiently reliable equipment to determine alcohol breath concentration. R.C. 3701.143. As a result, breath tests are given presumptive validity. *State v. Hill*, 4th Dist. Gallia No. 92 CA 30, 1993 Ohio App. LEXIS 2726, *5 (May 21, 1993); *Ilg* at ¶ 28.

{¶41} The trial court did not err when it overruled appellant's motion without a hearing. A motion to suppress must state its legal and factual bases with sufficient particularity to put the prosecutor and the trial court on notice of the issues to be decided. *State v. Shindler,* 70 Ohio St.3d 54, 636 N.E.2d 319 (1994), at the syllabus; *State v. Perl*, 11th Dist. Lake No. 2006-L-082, 2006-Ohio-6100, ¶15. Here, appellant's motion made general attacks on the reliability of the Intoxylizer 8000 without any assertion of how the perceived defects impacted his specific test result.

{¶42} This case is dissimilar to *Ilg,* where the state failed to comply with subpoena requests regarding records. Here, appellant never attempted to prove that the results of his specific breath test were faulty. His motion to suppress made attacks on the

reliability of the machines generally. No subpoenas, summons, or discovery requests appear in the record, which would provide an inference that appellant was attempting to challenge the accuracy or reliability of the specific machine, specific test result, or method in which the test was administered.

{¶43} Appellant's third assignment of error is overruled.

### III. Conclusion

{¶44} Appellant's Sixth Amendment right to a speedy trial was not violated. Appellant's plea was entered within the statutory period once periods of tolling were applied. Appellant's plea in an earlier case also did not preclude the charges in the matter currently on appeal. There was no reasonable basis to believe that the plea would foreclose further prosecution. Finally, the trial court did not err in denying appellant's motion to suppress that made general attacks on the reliability of the Intoxylizer 8000.

{¶45} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cleveland Municipal Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of

the Rules of Appellate Procedure.


FRANK D. CELEBREZZE, JR., PRESIDING JUDGE

EILEEN A. GALLAGHER, J., CONCURS;
LARRY A. JONES, SR., J., CONCURS IN JUDGMENT ONLY